BLD-266                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1861
_____

YVETTE MERILICE COPELAND,

Appellant,

v.

JAMES OTTO NIXON; GREYHOUND LINES, INC.;
A.B.C. CORPORATIONS 1 - 10 such names being
fictitious; JOHN AND JANE DOES 1 - 10
presently unknown individuals or partnerships

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 08-cv-04875)
District Judge: Anne E. Thompson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 12, 2010

Before:   RENDELL, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: October 4, 2010 )
_____

OPINION
_____

PER CURIAM

Appellant Yvette Copeland, a resident of Brooklyn, New York, sued Greyhound

Lines, Inc. and its driver James Otto Nixon for personal injuries in United States District Court for the District of New Jersey. Invoking the federal court's diversity jurisdiction, 28 U.S.C. § 1332(a)(1), Copeland alleged that, on October 1, 2006, she was seated in the back of a Greyhound bus traveling north on the New Jersey Turnpike in Middlesex County when a serious fire broke out. Passengers panicked as they rushed to get off the bus, and Copeland was caused to trip and fall, hitting her arm on a bus pole. As a result of the alleged negligence of the defendants, Copeland suffered contusions and pain in her hands, fingers, head, back and neck. She sought $150,000 in damages.

A settlement conference was held on November 6, 2009, presided over by a United States Magistrate Judge. Copeland was represented by counsel. The action settled for $20,000 and the terms of the settlement were placed on the record. In an order entered on November 16, 2009, the District Court dismissed the action pursuant to the settlement and retained jurisdiction to reopen the action within 60 days if the settlement was not consummated. Within that time frame, Copeland filed a pro se motion to reopen the judgment. She later supported her motion with an affidavit, in which she contended that the Magistrate Judge had pressured her to settle, and her counsel had failed to object to a low settlement offer. The defendants then moved to enforce the judgment, asserting that Copeland voluntarily agreed to settle her claims for $20,000 and then later refused to sign a standard general release of claims and liability.

In an order entered on February 4, 2010, the District Court granted the defendants'

2

motion to enforce the settlement agreement. After reviewing the transcript from the settlement conference, the District Court concluded that the parties had entered into a final, binding agreement. There was no evidence of fraud or coercion on the part of the Magistrate Judge, and Copeland had voluntarily entered into the agreement and indicated that she understood it to be final and binding. Moreover, Copeland had expressed satisfaction with her counsel and with the agreement reached. The District Court entered judgment against Greyhound Lines, Inc. in the amount of $20,000 and denied the defendants' request for attorneys' fees and costs.

On March 8, 2010, Copeland filed another pro se motion to reopen the judgment, repeating her assertions that she had been pressured to settle both by the Magistrate Judge and her counsel. Copeland demanded a jury trial. Meanwhile, Copeland's counsel moved to withdraw and to deposit the settlement funds with the court.[1] In an order entered on March 16, 2010, the District Court denied Copeland's motion, again concluding that she had voluntarily entered into a final, binding agreement to settle her personal injury claims for $20,000. There was no evidence of fraud or coercion on the part of the Magistrate Judge, her counsel, or defendants' counsel. Copeland appeals this order.

Our Clerk granted her leave to appeal in forma pauperis and advised her that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary

---

[1] Counsel was later permitted to withdraw.

3

affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. She was invited to submit argument in writing.

We will dismiss the appeal as frivolous. We have jurisdiction under 28 U.S.C. § 1291. An appellant may prosecute her appeal without prepayment of the fees, 28 U.S.C. § 1915(a)(1), but the in forma pauperis statute provides that the Court shall dismiss the appeal at any time if the Court determines that it is frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). We have reviewed the record and agree with the District Court that the settlement agreement was a binding contract between the parties, see In re Columbia Gas System, Inc., 50 F.3d 233, 238 (3d Cir. 1995), and should be enforced. The District Court properly found that Copeland voluntarily and willingly agreed to settle her personal injury claims for $20,000.

Settlement agreements are encouraged as a matter of public policy. See McDermott, Inc. v. AmClyde, 511 U.S. 202, 213-15 (1994). See also Puder v. Buechel, 874 A.2d 534, 539-40 (N.J. 2005) ("[O]ur courts have actively encouraged litigants to settle their disputes."). The settlement agreement for $20,000 between Greyhound Lines and Copeland was negotiated by counsel, and, given the non-serious injuries alleged, enforcing it would not be contrary to public policy. See Saxon Const. & Management Corp. v. Masterclean of N.C., 641 A.2d 1056, 1058 (N.J. Super. Ct., App. Div. 1994) ("[O]ur courts may refuse to enforce contracts that are unconscionable or violate public

4

policy."). <u>See also</u> Restatement (Second) of Contracts § 178. The record is devoid of any evidence of coercion by the Magistrate Judge or counsel, and there is no evidence that Copeland did not have full and complete input into the agreement. The fact that she later judged the settlement to be too low does not render it invalid.

For the foregoing reasons, we will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).